UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aaron Hicks,

    Plaintiff,

v.

New Millennium Building Systems, LLC;
RJ Ryan Construction, Inc.; and Linco Fab,
Inc.,

    Defendants;

and

New Millennium Building Systems, LLC,

    Third-Party Plaintiff,

v.

Cookie Carriers Inc.,

    Third-Party Defendant;

and

RJ Ryan Construction, Inc.,

    Cross-Claimant,

v.

New Millennium Building Systems, LLC,
and Steel Dynamics, Inc.,

    Cross-Defendants;

and

File No. 24-cv-164 (ECT/ECW)

**OPINION AND ORDER**

New Millennium Building Systems, LLC,

       Cross-Claimant,

v.

Linco Fab, Inc., and RJ Ryan Construction, Inc.,

       Cross-Defendants;

and

RJ Ryan Construction, Inc.,

       Cross-Claimant,

v.

Linco Iron Erectors, Inc., and Cookie Carriers Inc.,

       Cross-Defendants.

_____

Samuel B. Dordick, Saltz Mongeluzzi & Bendesky P.C., Philadelphia, PA; and Amanda M. Williams and Daniel E. Gustafson, Gustafson Gluek PLLC, Minneapolis, MN, for Plaintiff Aaron Hicks.

Katherine Lynn Geist, I, Hannah L. Alderks, and Mark E. GiaQuinta, HallerColvin PC, Fort Wayne, IN; and Jeffrey A. Wieland, Moss & Barnett, Minneapolis, MN, for Defendant, Third-Party Plaintiff, and Cross-Claimant, and Cross-Defendant New Millennium Building Systems, LLC.

Michael Pfau and David M. Dahlmeier, Bassford Remele, Minneapolis, MN, for Third-Party Defendant and Cross-Defendant Cookie Carriers Inc.

Anthony J. Novak and Aaron S. Brown, Larson King, LLP, St. Paul, MN, for Third-Party Defendant and Cross-Defendant Linco Fab, Inc.

Heather L. Marx and Samuel Eric Mogensen, Cozen O'Connor, Minneapolis, MN, and Steven J. Sheridan, Fisher Bren & Sheridan, LLP, Minneapolis, MN, for Defendant, Cross-Claimant, and Cross-Defendant RJ Ryan Construction, Inc.

Plaintiff Aaron Hicks, a commercial truck driver, was crushed under steel joists while unloading them from a trailer. He suffered serious injuries and brought this case against the joists' manufacturer, Defendant New Millennium Building Systems, Inc., in Hennepin County District Court. New Millennium removed the action. It maintains that Mr. Hicks's claims arise under federal law for purposes of 28 U.S.C. § 1331.

Mr. Hicks has moved to remand the case back to Hennepin County District Court, and the motion will be granted. Mr. Hicks asserts no federally created claim—just common-law tort claims. And the Complaint's single reference to "applicable federal" law does not bring this case within that "special and small category" of cases where federal-question jurisdiction is present over state-created claims that implicate a federal issue. *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).[1]

---

[1] The case was removed based on Mr. Hicks's original Complaint. *See* Notice of Removal [ECF No. 1] ¶ 1; Compl. [ECF No. 1-1]. In addition to New Millenium, the original Complaint named a second defendant, Steel Dynamics, Inc. Compl. ¶¶ 12–13. After filing his remand motion, Mr. Hicks filed an Amended Complaint [ECF No. 59], making it Mr. Hicks's operative pleading. The Amended Complaint dropped Steel Dynamics as a defendant and added two defendants, RJ Ryan Construction, Inc., and Linco Fab, Inc. *See* Am. Compl. at 1 (caption), ¶¶ 13–16. The Amended Complaint added no federally-created claim and repeated the original Complaint's one reference to "applicable federal" law. For the remand motion's purposes, then, the Amended Complaint doesn't change anything.

3

I

On February 20, 2023, Mr. Hicks arrived at New Millennium's Butler, Indiana facility to pick up a trailer of steel joists. Compl. [ECF No. 1-1] ¶ 26; Answer [ECF No. 18] ¶ 26. New Millenium preloaded the trailer with forty-eight steel joists, each about fifty-four feet long. Compl. ¶¶ 15, 17, 26; *see* Answer ¶¶ 15, 17. After attaching the trailer to his tractor, Mr. Hicks "chained up the load of steel joists to provide additional securement for transport." Compl. ¶ 27. Mr. Hicks transported the trailer from Butler, Indiana, to a construction site in Woodbury, Minnesota. *Id.* ¶¶ 7, 26–28. Mr. Hicks alleges that by the time he arrived in Woodbury, the bands New Millennium used to secure the load "had snapped and/or become compromised," and the joists were held together only by the chains Mr. Hicks added. *Id.* As Mr. Hicks began to remove the chains, three joists fell from the trailer, "crushing him and inflicting catastrophic and devastating injuries." *Id.* ¶¶ 29–30; Answer ¶ 30. Those injuries include, among others, permanent paraplegia, spinal fractures and dislocations, cord compression, rib fractures, and chronic pain. Compl. ¶ 33.

On December 19, 2023, Mr. Hicks sued New Millennium and Steel Dynamics in Hennepin County District Court. ECF No. 1-1. The Complaint asserts just common-law negligence claims, though it does not identify what state's law applies. *See* Compl. ¶¶ 35–50; *see also* Am. Compl. ¶¶ 42–85. New Millenium and Steel Dynamics timely removed the case, asserting federal-question jurisdiction under 28 U.SC. § 1331. ECF No. 1. To justify removal, Defendants claimed that Mr. Hicks's negligence theory implicates duties created by the Federal Motor Carrier Act ("FMCA"), 49 U.S.C. § 10101 *et seq.*, and

4

Federal Motor Carrier Safety Regulations ("FMCSR"), 49 C.F.R. §§ 300–399, and therefore raises a "substantial federal question" under the rule described in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). *Id.* ¶ 7(g)–(q). To be clear, the Complaint does not mention the FMCA or the FMCSR. *See generally* Compl. Nor does the Amended Complaint. *See generally* Am. Compl. Both pleadings allege generally that New Millenium "fail[ed] to comply with all applicable federal and state statutes, local ordinances, and all other rules, enactments or regulations applicable, or in effect, b[e] they administrative, industry-wide or otherwise pertaining to the manufacture, loading, and delivery of steel joists." Compl. ¶ 48(t); *see* Am. Compl. ¶ 52(t). New Millennium says Mr. Hicks engaged in "artful pleading" and "gamesmanship" to obscure the FMCA and FMCSR issues. *See* Defs.' Mem. in Opp'n [ECF No. 45] at 8–9.[2]

II

"A defendant may remove a state claim to federal court only if the action originally could have been filed there." *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010)). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Baker*, 745 F.3d at 923 (quotation omitted). The removing party, as

---

[2] Page citations are to a document's CM/ECF pagination appearing in the upper right corner, not to a document's original pagination.

the party invoking federal jurisdiction, bears the burden of establishing that jurisdiction by a preponderance of the evidence. *See Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). The removal-jurisdiction requirements are narrowly construed. *Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, 751 F.3d 935, 940 (8th Cir. 2014). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (quotation omitted).

"[T]he vast bulk of suits that arise under federal law" assert a claim or claims created by federal law. *Gunn*, 568 U.S. at 257. "[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable*, 545 U.S. at 312 (citation omitted). "There is no 'single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties.'" *Cent. Iowa Power Coop.*, 561 F.3d at 912 (quoting *Grable*, 545 U.S. at 314). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Stated differently, a state-created claim may arise under federal law for purposes of § 1331 "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. "This rule applies only to a 'special and small category' of cases that present 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases.'" *Great Lakes Gas Transmission Ltd.*

6

*P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 331 (8th Cir. 2016) (quoting *Empire Healthchoice*, 547 U.S. at 699–700).

Mr. Hicks does not "necessarily" raise the FMCA or the FMCSR in the relevant sense. Keep in mind, he identifies neither regime in the Complaint. For all the reader knows, Mr. Hicks might end up relying on some other federal regime no one has mentioned. Regardless, if we assume Mr. Hicks's general reference to "applicable federal" law was intended to incorporate FMCA- and FMCSR-created duties into the Complaint, that's still not enough. "A federal question is not 'necessarily' raised under § 1331 unless it is essential to resolving a state-law claim, meaning that '*every* legal theory supporting the claim requires the resolution of a federal issue.'" *Burrell v. Bayer Corp.*, 918 F.3d 372, 383 (4th Cir. 2019) (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc)). In other words, if a plaintiff's claim "is supported by a state-law theory that does not require recourse to federal law, then that claim does not 'arise under' federal law—even if [that plaintiff] ha[s] alleged an alternative federal-law theory that also could prove liability." *Id*. Here, Mr. Hicks identifies twenty-two grounds on which he may rely to show Defendants breached their duty of care. Compl. ¶ 48(a)–(v); Am. Compl. ¶ 52(a)–(v). Only one of these twenty-two paragraphs mentions "applicable federal" law, and this reference appears alongside references to "state" and "local" law. Compl. ¶ 48(t); Am. Compl. ¶ 52(t). Mr. Hicks, in other words, alleges many non-federal theories that, if accepted, would not require recourse to the FMCA, the FMCSR, or any other federal law to decide the case in his favor.

Turn next to whether the "applicable federal" issues Mr. Hicks raises are substantial. An issue of federal law is substantial when it is important to the federal system as a whole, not merely when it is "significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260.  For a federal interest to be substantial, it must "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312 (citation omitted).  A federal issue is more likely to be substantial if "[t]he Government . . . has a direct interest in the availability of a federal forum to vindicate its own administrative action." *Id.* at 315.  A substantial federal issue is more likely to be present if a "pure issue of [federal] law" is "dispositive of the case"; "fact-bound and situation-specific" disputes typically do not implicate substantial federal issues. *Empire Healthchoice*, 547 U.S. at 700–01 (citation omitted); *see also Great Lakes*, 843 F.3d at 333.  A federal issue is also more likely to be substantial if its resolution will control "numerous other cases." *Empire Healthchoice*, 547 U.S. at 700 (citing *Grable*, 545 U.S. at 313).  By contrast, if a particular federal issue "does not arise frequently, it is unlikely to implicate substantial federal interests." *Gunn*, 568 U.S. at 262.

Here, the federal issues Mr. Hicks alludes to in his Complaint are not substantial in the relevant sense.  Whether New Millenium (or any other defendant) violated a federal law—be it the FMCA, the FMCSR, or some other law or regulation—may turn out to be important to the parties, but there is no indication that Mr. Hicks's claims implicate an interpretation or application of the FMCA, the FMCSR, or another federal law that will be "important to the federal system as a whole."  No doubt statutory and regulatory compliance is a federal interest in the abstract, but that alone cannot be enough to classify

8

a federal issue as substantial. If it were, there would be no need to consider the "direct[ness]" of the Government's interest in the availability of a federal forum, as the Supreme Court did in *Grable*, 545 U.S. at 315, and the type and number of cases falling in this "special and small" category would expand, seemingly without limit, *Empire Healthchoice*, 547 U.S. at 699. The FMCA and FMCSR questions plainly do not present a "pure issue of law" that will be dispositive of the case. *Id.* at 700. No pure legal issue has been identified. As far as the record reflects, there are only potential fact questions regarding whether New Millenium or any other defendant violated the FMCA, the FMCSR, or some other federal law. There is no indication that the resolution of this case will control some meaningful number of other cases, especially considering the fact-intensive nature of the issue here. Finally, though it is true that federal laws governing motor-carrier safety concern important interests, cases concerning violations of these laws do not implicate a national interest comparable to the Government's ability to recover delinquent taxes at issue in *Grable*, 545 U.S. at 315, or the constitutional validity of the Government's bond issuance in *Smith v. Kansas City Title & Tr. Co.*, 255 U.S. 180, 201 (1921).

Even if a state-created claim includes a contested and substantial federal issue, the exercise of federal jurisdiction is not absolute; the federal issue will "qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Grable*, 545 U.S. at 313–14; *see also id.* at 315 (noting that "because it will be the rare state title case that raises a contested matter of federal law, federal jurisdiction to resolve genuine

9

disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor"). Analyzing this factor includes, among other things, considering the practical consequences to the federal courts' caseload likely to result from accepting jurisdiction over this case and others like it. As the Supreme Court explained in *Grable*, summarizing the rationale underlying its earlier decision in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986):

> One only needed to consider the treatment of federal violations generally in garden variety state tort law. "The violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings." A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," *Merrell Dow* thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law."

*Grable*, 545 U.S. at 318–19 (alterations in original) (citations and footnote omitted).

These considerations lead here to the conclusion that there is not subject-matter jurisdiction over Mr. Hicks's claims because it would be inconsistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331. Mr. Hicks's reference to "applicable federal" law seems to fit into his negligence claims in a way that innumerable alleged federal-law violations fit into state-law claims: as a fact tending to satisfy an element or elements of the state claim. Consider *Merrell Dow*. There, the plaintiff alleged that a violation of federal law

(misbranding in violation of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*) showed a rebuttable presumption of negligence and causation, elements of the relevant state's common-law negligence claim. *Merrell Dow*, 478 U.S. at 805–06. That is what we have here. Mr. Hicks may seek to establish a duty of care and its breach by showing that New Millenium or other defendants violated "applicable federal" law, including perhaps the FMCA and the FMCSR. The bottom line, then, is that this case is not unique for its federal character, and finding subject-matter jurisdiction in this case based on the presence of the federal violations Mr. Hicks alleges would—if followed in other cases—risk tilting the balance of tort litigation toward the federal courts in a way that is at odds with § 1331. *See Martinson v. Mahube-Otwa Cmty. Action P'ship*, 371 F. Supp. 3d 568, 576–78 (D. Minn. 2019).[3]

The conclusion that there is not subject-matter jurisdiction here is in good company with several federal decisions addressing essentially the same issue. *Lopez v. Univ. of the Sw.*, No. 2:23-cv-00327-DHU-JHR, 2024 WL 68531, at *1, *3 (D.N.M. Jan. 5, 2024) (finding no § 1331 subject-matter jurisdiction over state-law negligence claim based on allegation that defendant violated duties imposed by FMCSR); *Reichert v. Mendez*, No. CV-22-02163-PHX-MTL, 2023 WL 1814293, at *1–3 (D. Ariz. Feb. 8, 2023) (finding no § 1331 subject-matter jurisdiction over state-law negligence claim based on allegation that defendant driver's negligence was attributable to defendant employer under FMCSR);

---

[3]   Because the federal issues implicated by Mr. Hicks's claim are not necessarily raised, substantial, or capable of resolution in federal court without disrupting the federal-state balance approved by Congress, it is unnecessary to determine whether the FMCA and FMCSR issues are "actually disputed." *See Martinson*, 371 F. Supp. 3d at 578.

11

*Dumas v. Albaier*, No. 1:20-cv-00387, 2020 WL 5943019, at *2–3 (S.D. Ohio Oct. 7, 2020) (finding no § 1331 subject-matter jurisdiction over state-law negligence claim based on allegations that defendant violated duties imposed by FMCSR); *Dippel v. BestDrive, LLC*, No. 3:19-cv-01135, 2020 WL 813971, at *1–4 (S.D. Ill. Feb. 19, 2020) (finding no § 1331 subject-matter jurisdiction over state-law negligence claim based on allegations that defendant violated duties imposed by FMCSR); *Moody v. Great West Cas. Co.*, No. 4:16-CV-276, 2017 WL 77417, at *1, *3–4 (S.D. Ga. Jan. 9, 2017) (finding no § 1331 subject-matter jurisdiction over state-law negligence claim based on allegation that one defendant's negligence was attributable to another defendant under FMCSR); *Fochtman v. Rhino Energy, LLC*, Civil No. 13-104-ART, 2013 WL 5701468, at *1–3 (E.D. Ky. Oct. 17, 2013) (finding no § 1331 subject-matter jurisdiction over state-law negligence claim based on allegation that defendants violated duties imposed by FMCSR); *Coffman v. Dutch Farms, Inc.*, No. 2:16-CV-157, 2017 WL 1217238, at *1–4 (N.D. Ind. Feb. 24, 2017) (finding no § 1331 subject-matter jurisdiction over state-law negligence claim based on allegation that defendants violated duties imposed by FMCSR); *Langer v. Infinity Moving & Storage, Inc.*, No. 11 CV 3955 (HB), 2011 WL 3792822, at *1–2 (S.D.N.Y. Aug. 25, 2011) (finding no § 1331 subject-matter jurisdiction over state-law negligence claim based on allegations in plaintiffs' discovery responses that defendants violated duties imposed by FMCSR). New Millenium cited no cases going the other way, and I found none.

New Millenium advances two arguments outside the *Grable* case line, but neither is persuasive. First, New Millenium says Hicks has, through "artful pleading," disguised federal claims as state claims. *See* Mem. in Opp'n at 6, 7, 9–10. "Artful pleading" is just

12

another way of describing complete preemption. As the Supreme Court explained in *Rivet v. Regions Bank of La.*, "[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." 522 U.S. 470, 475–76 (1998) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (1987), and *Avco Corp. v. Machinists*, 390 U.S. 557, 560 (1968)). New Millenium cites no case holding that the FMCA or the FMCSR completely preempts state tort claims. The proposition seems dubious. A private right of action is a prerequisite to complete preemption, but the Eighth Circuit has expressed doubt regarding whether the FMCSR creates a private right of action. *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 784 n.2 (8th Cir. 2014) ("We doubt there is a federal private right of action for a violation of the FMCSR."). And many courts have held the FMCA and FMCSR do not create a private right of action for personal injury. *See, e.g.*, *Dumas*, 2020 WL 5943019, at *2 (collecting cases within the Sixth Circuit finding the FMCSR does not create a private right of action for personal injury); *Drake v. Old Dominion Freight Line, Inc.*, No. 15-1307-EFM/KGG, 2016 WL 1328941, at *4 (D. Kan. Apr. 5, 2016) (finding a personal-injury plaintiff could not bring a private cause of action under the FMCA or FMCSR); *Stewart v. Mitchell Transp.*, 241 F. Supp. 2d 1216, 1220 (D. Kan. 2002) ("The legislative history of the statute indicates that Congress did intend to create certain private rights of action in § 14704(a)(2), but not a right of action for personal injury.").

Second, New Millenium argues that "the FMCSR and FMCA do not allocate or assign duties for load securement to shippers," meaning New Millenium is "necessarily relieved of the non-delegable duties assigned to carriers under these regulations and law."

13

Mem. in Opp'n at 13. If this is true, it amounts to a federally-created defense New Millenium may raise in opposition to Mr. Hicks's claim. Regardless, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983); *see Minnesota v. Am. Petroleum Inst.*, 63 F.4th 703, 709 (8th Cir. 2023) (recognizing that "the potential applicability of a defense arising under federal law doesn't create jurisdiction"), *cert. denied sub nom. Am. Petroleum Inst. v. Minnesota*, 144 S. Ct. 620 (2024).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Aaron Hicks's Motion to Remand [ECF No. 27] is **GRANTED**.

2. This case shall be **REMANDED** to Minnesota District Court, Fourth Judicial District (Hennepin County) pursuant to 28 U.S.C. § 1447(c).

Dated: September 17, 2024               s/Eric C. Tostrud
                                        Eric C. Tostrud
                                        United States District Court